**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank A. Perrone, | No. CV-20-00482-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Veterans Affairs, | |
| Defendant. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff failed to indicate in his complaint the basis for subject-matter jurisdiction. Plaintiff must amend his complaint to correct this deficiency.[1] *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

Accordingly,

**IT IS ORDERED** that by **April 9, 2020**, Plaintiff shall file an amended complaint properly alleging subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

Dated this 26th day of March, 2020.

Dominic W. Lanza
United States District Judge